```
                      United States District Court
                         District of Massachusetts
_____
                              )
NICHOLAS ESTEVEZ,             )
        Petitioner,           )
                              )
        v.                    )    Civil Action No.
                              )    07-40043-NMG
UNITED STATES OF AMERICA,     )
        Respondent.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In this habeas petition filed pursuant to 28 U.S.C. § 2255, the petitioner, Nicholas Estevez ("Estevez"), requests that this Court vacate or set aside his conviction and sentence based on a number of alleged constitutional infirmities.

## I. Background

### A. Factual Background

Estevez was indicted on September 13, 2000, and, along with Miguel Padin ("Padin"), charged with one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 (Count One) and two counts of possession of cocaine base with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three). Trial of Estevez alone commenced on September 23, 2002, and three days later a jury returned a verdict of guilty on all three counts. Estevez was sentenced to 262 months imprisonment and 5 years of

supervised release.

### 1. Underlying Criminal Activity

Estevez was convicted for his involvement in the sale of drugs to a confidential informant ("CI") working for the Drug Enforcement Agency ("the DEA") during the summer of 1999. Although Estevez did not personally deliver drugs to the CI or receive money from him, he agreed, in recorded telephone conversations, to sell the drugs and arranged to have co-defendant Padin deliver the drugs to the CI. During one of the transactions, Padin told the CI that he was in business with Estevez and Estevez himself assured the CI by telephone that he was working with Padin.

### 2. Post-Trial Proceedings

Following the conviction of Estevez, the U.S. Probation Office ("Probation") prepared a pre-sentence report ("PSR") placing Estevez in Criminal History Category ("CHC") IV. The government objected to Probation's finding that Estevez was not a career offender and, upon review, Probation agreed and issued a revised PSR which designated Estevez a career offender and placed him in CHC VI.

Estevez filed objections to both the original and the revised PSR. In the objections to the revised PSR, Estevez disputed Probation's determination that he was a career offender. In particular, he argued that there was no evidence from which

the Court could conclude that one of his prior state court convictions was for a crime of violence. Estevez also objected to an upward adjustment for obstruction of justice based on his pre-trial escape from state custody.

At the sentencing hearing, counsel for Estevez offered supplemental arguments concerning obstruction of justice and the classification of Estevez as a career offender. This Court determined, over those objections, that Estevez's escape from prison did warrant and upward adjustment, that he was a career offender and that he fell within CHC VI. Notwithstanding those determinations, the Court concluded that the career offender guideline (360 months to life) overstated Estevez's criminal history and that a downward departure was warranted. Estevez was accordingly sentenced to 262 months imprisonment.

Estevez appealed that sentence to the First Circuit Court of Appeals arguing that the sentencing court improperly concluded that 1) he was a career offender and 2) a two-level upward adjustment for obstruction of justice was warranted based on his escape from state custody. On May 6, 2004, the First Circuit affirmed this Court's sentence. Estevez next sought a writ of certiorari from the Supreme Court. On January 24, 2005, the Court granted certiorari and, in light of United States v. Booker, 534 U.S. 220 (2005), vacated the sentence and remanded the case to the First Circuit.

On remand, the First Circuit noted that Estevez's <u>Booker</u> claim had not been preserved and thus applied plain error review. The Appeals Court affirmed the sentence upon finding no reasonable probability that the District Court would have imposed a lower sentence had it treated the guidelines as advisory.

Estevez also argued on remand that the District Court erred in relying on a police report to determine whether a prior conviction qualified as a violent predicate. Although noting that the argument was beyond the scope of remand, the First Circuit Court of Appeals nevertheless considered Estevez's claim and concluded that any misplaced reliance on the police report was harmless error.

### B.   Procedural History

Estevez filed the pending § 2255 petition in February, 2007, and a supporting memorandum of law shortly thereafter. The government opposed that motion in June, 2007, and Estevez subsequently filed a reply. Later, he filed a substantially identical document which, unlike the first reply, he signed.

### II. <u>Analysis</u>

Estevez asserts numerous arguments in both his original § 2255 petition and his reply to the government's opposition, which he also characterizes as an amendment of his petition. At times Estevez suggests that he is withdrawing the claims in his original petition in favor of the new arguments raised in his

reply, although it is unclear from his memoranda whether that is his intent. Nevertheless, considering all of the arguments that Estevez presents (as discerned by this Court), his petition is without merit and therefore will be dismissed.

Although Estevez's arguments are convoluted, most (if not all) of his claims appear to assert that his Sixth Amendment rights were violated because his trial counsel and appellate counsel provided ineffective assistance. Specifically, Estevez alleges the following errors committed by his attorneys:

1) failure to argue that the definition of "cocaine base" in the U.S. Sentencing Guidelines was intended to limit the definition of that term in 18 U.S.C. § 841;

2) failure to produce and cross examine Miguel Padin, an alleged co-conspirator of Estevez;

3) failure to preserve Estevez's objection to the Court's career offender determination;

4) failure to make objections to the PSR;

5) failure to preserve a <u>Booker</u> objection at sentencing;

6) failure to preserve an <u>Apprendi</u>-like objection to the Court's findings which increased Estevez's sentence;

7) the decision to stipulate to the amount of cocaine; and

8) failure to object to the introduction of statements by Estevez's co-conspirator at trial.

As explained below, none of those alleged errors rises to the level of ineffective assistance of counsel.

### A. Legal Standard

To show ineffective assistance of counsel a petitioner must

demonstrate that 1) his counsel's performance fell below an objective standard of reasonableness and 2) but for his counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Mello v. DiPaulo, 295 F.3d 137, 142 (1st Cir. 2002). Under the first prong of the Strickland analysis, courts begin with a presumption that counsel is competent. See Strickland, 466 U.S. at 690. That presumption can be overcome by, for example, showing that an attorney failed to "raise an important, obvious defense without any imaginable strategic or tactical reason for the omission." See Pruo v. United States, 199 F.3d 37, 48 (1st Cir. 1999).

### B. Application

An application of the two-pronged Strickland analysis to the petitioner's claims demonstrates that each is without merit.

#### 1. Failure to Dispute the Definition of "Cocaine Base"

Estevez asserts that his counsel was ineffective for failing to argue that the term "cocaine base," as used in 21 U.S.C. § 841, is limited to only one particular sub-type of cocaine base, namely, crack cocaine. In 1993, the U.S. Sentencing Guidelines were amended to clarify that the sentencing enhancement for "cocaine base" applies only to crack cocaine and not other forms of cocaine base. See United States Sentencing Guidelines Manual § 2D1.1(c), Note (D). Estevez suggests that

the Guidelines definition of cocaine base should apply equally to the use of that term in 21 U.S.C. § 841 and that his attorneys erred in not raising that argument at trial and on appeal. In support he cites to three opinions by United States District Judge Michael A. Ponsor which suggest that the First Circuit might be inclined to apply the Guidelines definition of cocaine base to the statutory language. See United States v. Thomas, 360 F. Supp. 2d 238, 242 (D. Mass. 2005); United States v. Hubbard, 369 F. Supp. 2d 146, 147 (D. Mass. 2005); United States v. Person, 377 F. Supp. 2d 308, 309 (D. Mass. 2005).

This Court concludes that Estevez's attorneys were not ineffective for failing to dispute the definition of cocaine base. At the time of Estevez's trial and appeal, the law within this circuit was well settled that "cocaine base," as that term is used in 21 U.S.C. § 841 "includes all forms of cocaine, including but not limited to crack." See United States v. Richardson, 225 F.3d 46, 49 (1st Cir. 2000) (citing United States v. Lopez-Gil, 965 F.2d 1124, 1134 (1st Cir. 1992) (opinion on panel rehearing)). Despite Judge Ponsor's prediction, the First Circuit has not wavered from that conclusion. See United States v. Medina, 427 F.3d 88, 92 (1st Cir. 2005) (noting circuit split on the issue but adhering to Richardson and Lopez-Gil).

The state of the law within the First Circuit makes clear that Estevez's attorneys did not act in an objectively

unreasonable manner in failing to argue for a more limited definition of "cocaine base." Moreover, Estevez cannot show prejudice because any argument that "cocaine base" should be construed to mean only crack cocaine would have been rejected by the trial and appellate courts.

### 2. Failure to Call and Confront Padin

Estevez next argues that his trial counsel was deficient for failing to call his co-conspirator, Miguel Padin, as a witness. Padin was alleged to have been working with Estevez when he made drug sales to the CI. He was charged in the indictment with Estevez but pled guilty prior to trial and cooperated with the government.

Counsel's decision not to call Padin cannot be characterized as objectively unreasonable. To the contrary, it appears to have been a strategic decision made in an effort to avoid the presentation of further evidence implicating Estevez. See Strickland, 466 U.S. at 690 (strategic choices made after thorough investigation are "virtually unchallengeable"). Consequently, that decision does not support a claim of ineffective assistance of counsel.

### 3. Failure to Preserve Objection to Career Offender Determination

Estevez asserts that his counsel was ineffective for failing to preserve an objection to the sentencing court's determination that he was a career offender. The record conclusively

demonstrates, however, that 1) his trial counsel did preserve such an objection, 2) the issue was considered by the First Circuit on appeal and 3) the sentencing court's determination was affirmed. Consequently, this claim is without merit.

### 4. Failure to Make Objections to the PSR

Estevez's claim that his counsel failed to make objections to the PSR is similarly contradicted by the record. His attorney did object to the PSR and argued those objections at the sentencing. To the extent that Estevez is asserting that his counsel did not file further objections that he thinks were warranted, his utter failure to identify what those objections should have been is fatal to his claim.

### 5. Failure to Preserve Booker Objection

Estevez asserts that his counsel should be found ineffective because he failed to preserve an objection at sentencing to support a Booker claim. Because Estevez was sentenced at a time when the Sentencing Guidelines were deemed to be mandatory, the Supreme Court, upon petition for certiorari, vacated his sentence and remanded the case to the First Circuit. On remand, the First Circuit applied a "plain error" standard of review and affirmed Estevez's sentence.

A Booker objection is preserved if "the defendant below argued Apprendi or Blakely error or that the Guidelines were unconstitutional." See United States v. Antonakopoulos, 399 F.3d

68, 76 (1st Cir. 2005) (referencing Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004)). Whether counsel preserved a Booker objection affects the standard of review applied by the court of appeals on Booker remand. Where a Booker objection has been preserved, the government bears the burden of proving that the sentencing court's treatment of the guidelines as mandatory was harmless error. See United States v. Aitoro, 446 F.3d 246, 254 (1st Cir. 2006). Where the objection has been forfeited, the defendant bears the burden of proving plain error. Antonakopoulos, 399 F.3d at 76.

Because counsel for Estevez failed preserve a Booker objection at sentencing, the First Circuit applied the plain error standard to review of his sentence on remand. The question before this Court is whether counsel's failure to preserve such an objection constitutes ineffective assistance of counsel.

As the government notes in its opposition, Estevez was sentenced two years before Booker was decided and one year prior to Blakely, which arguably foreshadowed the undoing of the mandatory federal sentencing scheme. Accordingly, counsel's failure to raise such an objection was not so objectively unreasonable as to support a finding of ineffective assistance. See United States v. Golden, 255 F. App'x 319, 323 (10th Cir. 2007) (explaining that failure to predict Booker's extension of Blakely is not ineffective assistance because "[t]he Sixth

Amendment does not require counsel for a criminal defendant to be clairvoyant" (citation and internal quotation marks omitted)).

### 6. Failure to Preserve an Apprendi-like Objection

In his petition, Estevez claims that the First Circuit's affirmation of his sentence after Booker remand was "mainly on the fact of issues that were not perserved [sic] by counsel at sentencing and during trial." This Court understands that ambiguous statement to be a reference to the argument, first raised on remand before the First Circuit, that the sentencing court erred in relying on a police report to determine whether a prior offense qualified as a crime of violence. Estevez asserts that his counsel's failure to make that argument earlier amounts to ineffective assistance.

This Court notes that, in his reply brief, Estevez apparently claims that the sentencing court's reliance on the police report, rather than his counsel's failure to object to that reliance, is the basis for error. That argument was considered and rejected by the First Circuit on Booker remand, and, thus, absent an intervening change in law, Estevez is not entitled to relitigate that claim on collateral review. See United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005); Elwell v. United States, No. 95-2360, 1996 WL 516138, at *4 (1st Cir. 1996) (unpublished) (noting that a petitioner is "not entitled to collateral review to relitigate issues raised on direct appeal,

absent an intervening change in law" (citing Davis v. United States, 417 U.S. 333, 342 (1974))).

Turning to the argument of ineffective assistance, that claim must also fail because Estevez cannot show prejudice. On Booker remand, the First Circuit noted that Estevez's argument relating to the police report was beyond the scope of remand but, nevertheless, considered and rejected that argument on the merits. Estevez, 419 F.3d at 82 (finding that any improper reliance on the police report was harmless error). Thus, even were this Court to assume that Estevez's counsel was somehow deficient for failing to raise that argument at an earlier time, Estevez cannot demonstrate a reasonable probability that the outcome of the proceeding would have been different had his counsel done so. See Strickland, 466 U.S. at 694.

### 7. Decision to Stipulate to Nature and Quantity of Drugs

Although Estevez does not raise the argument in his initial petition, he asserts in his reply brief that his trial counsel was ineffective for stipulating to the nature and quantity of the drugs that he was charged with distributing and that his appellate counsel was ineffective for failing to raise the issue on appeal. Both contentions are without merit.

The record reveals that the decision to stipulate to the nature and quantity of the drugs was a tactical choice related to trial counsel's theory of defense. Rather than dispute that the

substance sold was cocaine base, counsel clearly sought to emphasize that the government could not prove that his client played any part in the alleged transactions. Such reasonable strategic decisions do not warrant a finding of ineffective assistance of counsel. See Strickland, 466 U.S. at 690-91.

Nor does this Court perceive any error in appellate counsel's failure to raise the issue on appeal. As explained above, trial counsel's decision to stipulate to the nature and quantity of the drugs does not rise to the level of ineffective assistance of counsel and, thus, it would have been fruitless for appellate counsel to argue as much.

### 8. Failure to Object to Introduction of Co-conspirator Statements at Trial

The final alleged basis for error that this Court can discern from Estevez's voluminous filings is that his counsel was ineffective for failing to object to the introduction at trial of statements of his co-conspirator, Miguel Padin. Although Padin did not testify at trial, several of his statements were admitted through other witnesses. Estevez asserts that those statements constituted inadmissible hearsay, violated his Sixth Amendment rights under Crawford v. Washington, 541 U.S. 36 (2004), and that his counsel was ineffective for not objecting to their admission at trial.

Even assuming that his counsel did not object to the admission of such statements, Estevez cannot show that such a

decision amounts to ineffective assistance. Padin's statements clearly were not hearsay because of the exclusion of co-conspirator statements. See Fed. R. Evid. 801(d)(2)(E). Furthermore, even though they were made to a confidential government informant, they were not testimonial and thus do not implicate confrontation clause concerns under Crawford. See United States v. Malpica-Garcia, 489 F.3d 393, 397 (1st Cir. 2007) ("Testimonial statements are generally the product of a declarant's responses to official questioning and are made in a context in which the declarant should know that they will be preserved for prosecutorial use."). Thus, an objection to their admissibility would have been fruitless and would not have affected the outcome of the proceedings.

**C. Need For an Evidentiary Hearing**

Despite Estevez's request, this Court concludes that an evidentiary hearing is not required and would not be helpful in this case. As explained above, many of petitioner's allegations are presented in conclusory fashion or are flatly contradicted by the record. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) ("the court need not give weight to conclusory allegations" (citation omitted)); Shraiar v. United States, 736 F.2d 817, 817 (1st Cir. 1984) ("A § 2255 motion may be denied without a hearing as to those allegations . . . which need not be accepted as true because they state conclusions instead of facts,

decision amounts to ineffective assistance. Padin's statements clearly were not hearsay because of the exclusion of co-conspirator statements. See Fed. R. Evid. 801(d)(2)(E). Furthermore, even though they were made to a confidential government informant, they were not testimonial and thus do not implicate confrontation clause concerns under Crawford. See United States v. Malpica-Garcia, 489 F.3d 393, 397 (1st Cir. 2007) ("Testimonial statements are generally the product of a declarant's responses to official questioning and are made in a context in which the declarant should know that they will be preserved for prosecutorial use."). Thus, an objection to their admissibility would have been fruitless and would not have affected the outcome of the proceedings.

**C. Need For an Evidentiary Hearing**

Despite Estevez's request, this Court concludes that an evidentiary hearing is not required and would not be helpful in this case. As explained above, many of petitioner's allegations are presented in conclusory fashion or are flatly contradicted by the record. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) ("the court need not give weight to conclusory allegations" (citation omitted)); Shraiar v. United States, 736 F.2d 817, 817 (1st Cir. 1984) ("A § 2255 motion may be denied without a hearing as to those allegations . . . which need not be accepted as true because they state conclusions instead of facts,

contradict the record, or are inherently incredible." (citation and internal quotation marks omitted)).

Estevez's remaining allegations, even accepted as true, do not entitle him to relief. See Shraiar, 736 F.2d at 817. As the First Circuit has explained, an evidentiary hearing is not required where a petitioner has

> mounted no serious challenge on the facts. [But r]ather . . . sought to place a particular gloss on, and draw a particular set of conclusions from, essentially undisputed facts. That undisputed facts may plausibly be interpreted in different ways does not entitle an interested litigant to an evidentiary hearing.

McGill, 11 F.3d at 226 (emphasis in original) (citation omitted). Because Estevez has presented no serious factual disputes the resolution of which would effect this Court's analysis of his petition, his request for an evidentiary hearing will be denied.

## ORDER

In accordance with the foregoing, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED** and the petition is **DISMISSED**. **So ordered.**

　　　　　　　　　　　　　　　　/s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　United States District Judge
Dated February 26, 2009